SO ORDERED.

SIGNED this 21st day of December, 2012.



Dale L. Somers
United States Bankruptcy Judge

___

Designated for on-line use but not for print publication
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>ANGENO V. TURNER and<br>OLGA M. TURNER,<br><br>       DEBTORS.<br><br>TOTAL PETROLEUM, INC.,<br><br>       PLAINTIFF,<br><br>v.<br><br>ANGENO V. TURNER,<br><br>       DEFENDANT. | CASE NO. 11-13053<br>CHAPTER 7<br><br><br><br><br><br><br><br>ADV. NO. 11-5241 |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Total Petroleum, Inc. (Total or Plaintiff) moves for summary judgment on its complaint under 11 U.S.C. § 523(a)(2)(A) objecting to discharge of its claim for $1,198.41 against Debtor Angeno Turner (Motion). The Court has jurisdiction.[1] Debtor, who is not represented by counsel, did not respond to the Motion. For the following reasons, the Court denies the Motion.

**FINDINGS OF UNCONTROVERTED FACTS AND PROCEDURAL HISTORY.**

On July 8, 1995, Debtor issued a check to Total for $7.39 (the NSF check) in payment of goods and services. The NSF check was returned for insufficient funds. On December 7, 1995, after making demand for payment, Total filed a petition against Debtor in Sedgwick County District Court, Case No. 95 L 17533 (Petition). Liability was alleged under K.S.A. 60-2610, the Kansas statute addressing civil liability for worthless checks. Debtor failed to answer or otherwise appear. A Journal Entry of Judgment, dated January 25, 1996, was filed on February 2, 1996. It states in part, "defendant obtained goods and services from plaintiff through actual fraud" and awarded damages to Plaintiff of $143.06 and costs, with interest at 12% pre annum from and after January 25, 1996 until paid. Attorney fees in the amount of $250 were awarded to Wilbur D. Geeding, counsel for Plaintiff.

Debtor filed for relief under Chapter 7 on September 30, 2011. A Complaint for Determination of Dischargeability of Debt under § 523(a)(2) was timely filed on November 4,

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). There is no objection to venue or jurisdiction over the parties.

2011.[2] It alleges the amount owed under the judgment for the claim on the NSF check was $1,198.41 and is nondischargable. Debtor filed an answer denying that he knew at the time he issued the NSF check that there were insufficient funds from which to pay the check and stating that he was without knowledge to admit or deny the allegations concerning the state court proceedings, including whether he was served with a copy of the summons and petition.[3]

The record reveals that Debtor participated in a planning meeting with Plaintiff's counsel on December 28, 2011. On February 1, 2012, the Plaintiff served upon the Debtor Requests for Admission. The report of the planning meeting was filed on February 10, 2012.[4] It states that the case could be ready for trial not later than August 1, 2012 and trial is expected to take 4 hours. The Court's bench notes from a status conference held on August 21, 2012 state: "Mr. Geeding is to file a motion for summary judgment by 9/28/12 and matter will be submitted U/A upon filing of debtors' response. Since debtor is pro se and does not work on Fridays, the Court will schedule a video status conference on Friday, December 14, 2012, 2:00 p.m."[5] That status conference was later continued.

Plaintiff filed the motion for summary judgment on September 28, 2012.[6] A letter was sent to Debtor advising him of the filing and that the matter would not be set for hearing. The letter also advised Debtor that the Court would allow the filing of a responsive brief until

---

[2] Dkt. 1.

[3] Dkt. 5.

[4] Dkt. 9.

[5] Dkt. 20.

[6] Dkt. 25.

3

October 22, 2012 and, if no response was timely filed, the court would take the mater under advisement and consider the motion without further pleading.[7]  No response has been filed.

**THE MOTION FOR SUMMARY JUDGMENT AND DISCUSSION.**

Plaintiff moves for summary judgment on its Complaint to except its claim against Debtor arising from the NSF check from discharge under § 523(a)(2)(A).  It provides that a discharge under § 727 does not discharge an individual debtor from any debt for money, property, or services to the extend obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.  To establish an exception to discharge for fraud, the creditor must prove: "1) the debtor knowingly committed actual fraud or false pretenses, or made a false representation or willful misrepresentation; 2) the debtor had the intent to deceive the creditor; and 3) the creditor relied upon the debtor's representation."[8]  In addition, the creditor's reliance must have been justifiable, and the creditor must have been damaged as a result.[9]  "In determining whether a particular debt falls within one of the exceptions of section 523, the statute should be strictly construed against the objecting creditor and liberally in favor of the debtor."[10]

---

[7] Dkt. 26.

[8] *State of Missouri v. Audley (In re Audley)*, 275 B.R. 383, 388 (10th Cir. BAP 2002), citing *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996).

[9] *Id*.

[10] 4 *Collier on Bankruptcy* ¶ 523.05 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2012).

"A debtor does not make a false representation under § 523(a)(2)(A) merely by presenting a check for payment which later bounces."[11] "There must be other acts, other evidence, supporting a claim for fraud or false representations in addition to the 'bad check' to declare a debt on a 'bad check' non-dischargeable under 11 U.S.C.§523(a)(2)."[12] The creditor must show the debtor was guilty of fraud with intent to deceive the creditor in direct connection with the issuance of the check.[13]

Plaintiff seeks summary judgment on two independent theories: (1) the deemed admissions resulting from requests for admission to which the Debtor did not respond; and (2) collateral estoppel. On February 1, 2012, the Plaintiff served upon the Debtor Requests for Admission. Debtor has not responded. Since Plaintiff's first theory rests solely upon the deemed admissions, the Court first considers whether under the circumstances of this case, the admissions are binding upon the Debtor.

Under Bankruptcy Rule 7036(a)(3), which incorporates Federal Rule 36(a), a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Debtor did not timely respond. The Court is concerned that Debtor's lack of response may have been affected by the course of

---

[11] *Groetken v. Davis (In re Davis)*, 246 B.R. 646, 653 (10th Cir. BAP 2000). See also *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000) (citing *In re Davis*); *Miami Citizens Nat'l Bank & Trust Co. v. Weitzel (In re Weitzel)*, 85 B.R. 753, 756 Bank. N.D. Ohio 1988) ("As a starting point, it should be noted that the tendering of a check drawn on insufficient funds is not conclusive evidence of fraud *per se*); *C.O.T.C.O. Gasoline, Inc. v. Jenes (In re Jenes)*, 18 B.R. 405, 408 (Bankr. S.D. Fla. 1981) ("The cases hold that simply issuing a worthless check to purchase goods does not in and of itself constitute fraud.") .

[12] *In re Strecker*, 251 B.R. at 882.

[13] *In re Davis*, 246 B. R. at 653.

5

this proceeding.[14]  As stated above, Debtor, who is not represented by counsel, filed an answer to the Complaint denying that he knew at the time he issued the NSF check that there were insufficient funds from which to pay the check and stating that he was without knowledge to admit or deny the allegations concerning the state court proceedings, including whether he was served with a copy of the summons and petition.  The requests for admission included requests to admit the very matters which Debtor had previously denied and about which he stated he lacked knowledge.  The report of the planning meeting, which was filed on February 10, 2012, after the service of the requests for admission, states that the case could be ready for trial no later than August 1, 2012 and would take four hours.  Debtor very well may not have understood the significance of the requests for admission.  Bankruptcy Rule 7036 (a)(3) provides that a time to respond for requests for admission longer than the 30 days stated in the rule may be ordered by the court.  At the next status conference, the Court will inquire of Debtor and make a determination if Debtor should have additional time.

Nevertheless, the Court will rule on the merits of the motion for summary judgment assuming the statements in the requests for admission were admitted, by virtue of the lack of a timely response.  In its first theory supporting summary judgment,  Plaintiff relies primarily upon the following requests for admission as establishing the elements for denial of discharge:[15]

> 3.  The defendant knew at the time the check . . . was signed and delivered to the plaintiff that said check would not be honored when presented for payment to defendant's bank.

---

[14] *See Amer. Express Centurion Bank v. Swaney (In re Swaney)*, 2002 WL 32700042 at *5 (Bankr. D. Kan. 2002) ("The Court is concerned that the contemporaneous service of the requests for admission and withdrawal of defendant's counsel may have left defendant without a fair opportunity to respond to AECB's written discovery.").

[15] Dkt. 25 at 5-7.

> 4. Said check was issued by the defendant for present value and present consideration, namely, the purchase of goods from the plaintiff all of which goods the defendant obtained by the issuance of said worthless check.
>
> 5. The defendant obtained said merchandise by the issuance of said check upon a bank account which had insufficient funds available to pay the said check at the time of the defendant's issuance of said check on July 8, 1995.
>
> 6. Plaintiff through its agents and employees reasonably relied upon the validity of defendant's check by delivering to the defendant the purchased goods at the time of tender of the check.
>
> 7. The defendant intended that the plaintiff through its employees would rely on the representation of sufficient funds which his payment by check would create.
>
> 17. The defendant issued the check . . . knowing that he had written many other checks on said account and that there were insufficient funds in said account to pay for all of the checks.[16]

In addition, the admissions included that statement that "defendant admits the truth of the allegations contained in the petition filed in Case No. 95 L 17533."[17] That petition included the allegation that Debtor "issued said check deceitfully and with intent to defraud the plaintiff since the defendant knew that at the time said check was presented said defendant did not have sufficient funds in the account for said check to be honored and paid."[18]

The Court finds that the admissions are not sufficient to grant summary judgment to the Plaintiff. They establish Debtor issued a check knowing that his account did not have the $7.29 balance required for payment. However, the admissions do not include the evidence of intent to

---

[16] *Id.* at 4-5.

[17] *In re Swaney*, 2002 WL32700042 at *4.

[18] Dkt. 25-1, at 8.

7

defraud required for denial of discharge. The allegation of intent included in the state court petition was based entirely upon the issuance of the NSF check. As stated above, denial of discharge requires evidence of intent to defraud, in addition to the issuance of the worthless check.

The Court also finds that Plaintiff is not entitled to summary judgment under the doctrine of collateral estoppel. That doctrine "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit."[19] It applies in discharge litigation under § 523.[20] "When the issue previously litigated was litigated under sate law, a bankruptcy court will apply the law of collateral estoppel of the relevant state."[21] Under Kansas law, "collateral estoppel operates to preclude the reconsideration of issues that were actually litigated in the prior proceeding."[22] In Kansas, the elements of collateral estoppel are: "(1) a prior judgment on the merits which determines the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment; (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment."[23] Here the Plaintiff argues that the findings in the state court action include all elements necessary to deny discharge and that under the doctrine of collateral estoppel those findings are binding on this Court.

---

[19] *Melnor, Inc v. Corey (In re Cory)*, 583 F.3d 1249, 1251 (10th Cir. 2009).

[20] *Grogan v. Garner*, 498 U.S. 279, 284-85 (1991).

[21] 4 *Collier on Bankruptcy* ¶ 523.06; *see* 28 U.S.C. § 1738.

[22] *Tilzer v. Davis, Bethune & Jones, L.L.C.*, 288 Kan. 477, 487, 204 P.3d 617, 624 (2009).

[23] *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1023, 58 P.3d 1284, 1290 (2002), *quoting Regency Park v. City of Topeka*, 267 Kan. 465, 478, 981 P.2d 256, 265 (1999).

This basis for granting summary judgment fails for reasons similar to those which required denial of summary judgment based upon Debtor's failure to respond to the requests for admission. There is no prior finding of intent to defraud sufficient for denial of discharge. The state court Journal Entry of Judgment recites that it "finds that the defendant obtained goods and services from plaintiff through actual fraud."[24] "Actual fraud" is not defined or explained, so the Court examines the entire record of the prior proceedings[25] to determine if it includes the necessary elements for denial of discharge. As pointed out above, there was no allegation in the Petition of intent to defraud, other than that implied from the alleged knowing issuance of the NSF check. The Petition does not make additional allegations concerning intent, and no trial was held. There was no prior finding of the knowing commission of actual fraud with intent to deceive Total, so this element of exception to discharge cannot be established through collateral estoppel.

Further, the Court concludes that even if the prior judgment were construed to include a finding that Debtor acted with intent to deceive, such a finding could not be given collateral estoppel effect because of the requirement that the issue previously litigated must have been actually determined and necessary to support the judgment. First, the actually litigated requirement is not satisfied because the prior judgment was by default. Assuming that the issue of intent to defraud was raised, it was not litigated. Under the majority view, as stated in the Restatement (Second) of Judgments, a default judgment does not meet the actually litigated

---

[24] Dkt. 25-1 at 9.

[25] *See Sylvester v. Martin (In re Martin)*, 130 B.R. 930, 943 (Bankr. N.D. Ill. 1991).

9

test.[26] Prior litigation goes to the heart of the rationale for collateral estoppel.[27] The Kansas Supreme Court has recognized that collateral estoppel is a policy to preclude the re-litigation of issues which were previously actually litigated.[28] It also has followed the Restatement (Second) of Judgments with respect to collateral estoppel issues.[29] Although the Court has not found any Kansas appellate decisions expressly holding that collateral estoppel does not apply when the issue was determined by a default judgment in the prior action, other bankruptcy judges in this district have relied upon such a requirement.[30] "Most courts have . . . been reluctant to invoke collateral estoppel where the debtor did not fully participate in the prior litigation or where a default judgment has been entered against the debtor."[31] Because the exceptions to discharge are construed strictly in favor of the debtor, when collateral estoppel is invoked as a basis to deny discharge of a particular debt, a strict construction of the elements of collateral estoppel is appropriate.

Second, intent to defraud is not necessary to a finding of civil liability under K.S.A. 60-2610. The statute enumerates the standard for civil liability for giving a worthless check by defining "giving a worthless check" to mean the delivery of a check for the payment of money

---

[26] Restatement (Second) of Judgments §§ 27-29 (current through August 2012).

[27] *Id.*

[28] *E.g, Tilzer v. Davis, Bethune & Jones, L.L.C.*, 288 Kan. at 487, 204 P.3d at 624.

[29] *E.g, KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 671, 941 P.2d 1321, 1345 (1997).

[30] *Schreibman v. Zanetti-Gierke (In re Zanetti-Gierke)*, 212 B.R. 375, 380 (Bankr. D. Kan. 1997) ("The 'actually litigated' standard requires the resolution of a dispute following a full trial on the merits."; *KC Coring & Cutting Const., Inc. v. McArthur (In re McArthur)*, 391 B.R. 453, 458 (Bankr. D. Kan. 2008) ("except in limited circumstances not present here, default judgments are not given preclusive effect.").

[31] 4 *Collier on Bankruptcy* at ¶ 523.06.

(1) with intent to defraud or in payment or for a preexisting debt; or (2) which is dishonored by the drawee for insufficient funds; and (3) for which the maker has not tendered payment upon pre-litigation demand in accord with the statute.[32] Simple delivery of a worthless check, which is not in dispute, was sufficient to sustain the state court judgment; a finding of intent to defraud was not necessary. For this reason, Plaintiff cannot rely upon collateral estoppel to supply the essential intent element for denial of discharge under § 523(a)(2)(A).

**CONCLUSION.**

For the foregoing reasons, the Plaintiff's motion for summary judgment is denied. Neither the facts established by Debtor's failure to respond to the requests for admission nor the doctrine of collateral estoppel are sufficient to establish the elements for denial of discharge of Total's $1,198.41 claim for the judgment based upon the Debtor's giving of a $7.39 NSF check sixteen years before he filed for relief under Chapter 7.

**IT IS SO ORDERED.**

###

---

[32] K.S.A. 60-2610 (h).